602

KALLMAN KANTER, Plaintiff, *v.* THE EDWARD BLOOM Co., INC., and THE SILK ASSOCIATION OF AMERICA, INC., Defendants.

Supreme Court, New York County, May 4, 1932.

*Isidor Lazarus,* for the plaintiff.

*Gleason, McLanahan, Merritt & Ingraham* [*Hamilton A. Long* of counsel], for the defendants.

FRANKENTHALER, J.   The plaintiff here relies upon the statement in the opinion of CARDOZO, Ch. J., in *Finsilver, Still & Moss* v. *Goldberg M. & Co.* (253 N. Y. 382, at p. 390) that " the proceeding will often be kept open by a stay."   The plaintiff does not, however, seek to stay the arbitration proceeding until the decision of an application made *by him* to determine whether he is in default for failing to comply with the terms of a contract providing for arbitration.   Instead, he seeks to stay the arbitration proceeding until the other party to the contract shall have made such an application.   Section 4-a of the Arbitration Law (added by Laws of 1927, chap. 352) expressly authorizes the procedure adopted by the defendants.   If the  plaintiff desires to litigate the binding effect of any award which may thereafter be made against him in the arbitration, he may either participate therein under protest or refuse to participate and apply to the court for a determination of the question of whether his failure to submit to arbitration constitutes a default under a contract providing for arbitration. (*Finsilver, Still & Moss* v. *Goldberg M. & Co., supra.*)   The plain-

tiff may not, however, impose upon the other party to the arbitration the burden of making such an application, in view of the fact that section 4-a expressly imposes that burden upon the party contesting the validity of the arbitration. The theory of the complaint as well as that of the motion for a temporary injunction is that the plaintiff is entitled to stay the arbitration until an application shall have been made by the defendant Bloom Co., Inc., and determined. It seems to me that this theory is untenable in view of the language of section 4-a of the Arbitration Law. The motion for a temporary injunction is accordingly denied and the cross-motion to dismiss the complaint for insufficiency is granted with leave to serve an amended complaint within ten days from the service of a copy of this order with notice of entry. This disposition is without prejudice to a motion, upon a proper complaint, for an order staying the arbitration proceeding until the hearing and decision of an application made by the plaintiff to determine whether the plaintiff was in default in failing to submit to arbitration.